*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PETER M. MORAIS, as Next Friend for SGM,

        Plaintiff-Appellant,

V

JAMES ROBERT DAVID WHITEFORD and
HALEY YVONNE WHITEFORD, also known as
HALEY YVONNE QUERRO,

        Defendants-Appellees.

UNPUBLISHED
July 10, 2025
2:21 PM

No. 370920
Oakland Circuit Court
LC No. 2023-198092-NI

Before: MALDONADO, P.J., and M. J. KELLY and RIORDAN, JJ.

MALDONADO, P.J. (*dissenting*).

As my colleagues correctly noted, "[s]ummary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

I agree with my colleagues that plaintiff failed to establish a genuine issue of material fact regarding whether SGM suffered serious impairment of body function. However, I also agree with the trial court that plaintiff *did* meet this standard with respect to whether SGM suffered permanent serious disfigurement. Establishing a threshold disfigurement requires a "long-lasting and significant change that mars or deforms the injured person's appearance." *Fisher v Blankenship*, 286 Mich App 54, 66; 777 NW2d 469 (2009).

To establish this threshold, plaintiff submitted a photograph that the trial court described as "blurry, black and white," as well as Dr. Suleiman's affidavit, in which he averred that "the scarring and discoloration to [SGM's] body caused by the abrasions suffered from the August 30, 2021 accident will be a permanent and serious disfigurement." The trial court reviewed this evidence and determined that plaintiff *did* establish a genuine issue of material fact regarding SGM's permanent serious disfigurement:

-1-

> In viewing the evidence in the light most favorable to the Plaintiff, and because the Court should not question credibility in a motion for summary disposition, *the Court concludes that Plaintiff managed, albeit barely, to establish a genuine issue of material fact on whether she sustained a permanent serious disfigurement* and/or an impairment of an important body function. [Emphasis added.]

After reviewing the same evidence, I am not convinced that the trial court was wrong. The law demands that we give the benefit of reasonable doubt to the opposing party, *West*, 469 Mich at 183, which, in the present case, is plaintiff. Even accepting my colleague's description of the scar in the photograph as "less than one inch wide and a few inches in length," I disagree with their conclusion that, as a matter of law, the scar does not rise to the level of "deforming" required by *Fisher*, 286 Mich App at 67. To the contrary, I think that the photograph leaves open an issue upon which reasonable minds might differ. See *West*, 469 Mich at 183. Indeed, Dr. Suleiman opined that the scar was both a permanent and serious disfigurement for SGM.

More importantly, the trial court based its decision to grant defendants' motion for summary disposition on plaintiff's failure to establish "the third-prong of McCormick—an impairment which affects the person's general ability to lead his or her normal life." However, I agree with my colleagues—and the parties—that the trial court erred in this regard. See MCL 500.3135(5)(a) to (c). If the trial court had not made this error, it likely would not have granted the motion based on its own finding regarding SGM's permanent serious disfigurement. If the trial court had not committed this error, the trial court's ruling regarding SGM's permanent serious disfigurement suggests that this motion would not have been granted.

Accordingly, I would conclude, as the trial court did, that plaintiff established a genuine issue of material fact on whether SGM sustained a permanent serious disfigurement. Thus, I dissent.

/s/ Allie Greenleaf Maldonado